J-S45009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JUAIL THOMAS | : | |
| | : | |
| Appellant | : | No. 1663 EDA 2016 |

Appeal from the Judgment of Sentence May 3, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008521-2015

BEFORE:    GANTMAN, P.J., PANELLA, J., and STRASSBURGER, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED JULY 24, 2017**

Appellant, Juail Thomas, appeals from the judgment of sentence entered in the Philadelphia County Court of Common Pleas, following his bench trial conviction for intentional possession of a controlled substance and possession with intent to deliver ("PWID").[1]  We affirm.

In its opinion, the trial court fully and correctly sets forth the relevant facts of this case.   Therefore, we have no need to restate them.  Procedurally, Appellant proceeded to a bench trial on May 3, 2016.   That same day, the court convicted Appellant of PWID and knowing and intentional possession of a controlled substance.   Also on May 3, 2016, the

_____

[1] 35 P.S. § 780-113(a)(16), (a)(30), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

court sentenced Appellant to a term of two (2) to four (4) years' incarceration, plus three (3) years' probation, on the PWID charge.[2] On May 20, 2016, Appellant filed a timely notice of appeal. The court ordered Appellant, on August 2, 2016, to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b); Appellant timely complied on August 21, 2016.

Appellant raises one issue for our review:

> DID THE TRIAL COURT ERR WHEN IT FOUND APPELLANT…GUILTY OF DELIVERY/POSSESSION WITH INTENT TO DELIVER A CONTROLLED SUBSTANCE AS THERE WAS INSUFFICIENT EVIDENCE ADDUCED AT TRIAL BY THE COMMONWEALTH TO PROVE THIS CRIMINAL OFFENSE BEYOND A REASONABLE DOUBT?

(Appellant's Brief at 2).

When examining a challenge to the sufficiency of evidence:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain

---

[2] Appellant's intentional possession of a controlled substance conviction merged with Appellant's PWID conviction for the purposes of sentencing.

its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

**Commonwealth v. Hansley**, 24 A.3d 410, 416 (Pa.Super. 2011), *appeal denied*, 613 Pa. 642, 32 A.3d 1275 (2011) (quoting **Commonwealth v. Jones**, 874 A.2d 108, 120-21 (Pa.Super. 2005)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Kai N. Scott, we conclude Appellant's issue merits no relief. The trial court opinion comprehensively discusses and properly disposes of the question presented. (**See** Trial Court Opinion, filed September 20, 2016, at 4-6) (finding: Officer Walsh observed blue object in Appellant's hand during what Officer Walsh believed to be aborted drug sale; Officer Walsh also observed Appellant receive money in hand-to-hand exchange while Appellant held blue object; when Appellant saw officers approach, he terminated sale and fled; before he fled, Appellant said to officers, "…you got me" and, "You caught me"; as Officer Walsh pursued Appellant, Officer Walsh saw Appellant throw to ground blue object; Officer Walsh discovered blue object contained fourteen individual packets of heroin; blue object Appellant discarded when he fled was consistent with blue object Appellant held during aborted drug sale; area in which officers encountered Appellant during sale was known for high

volume of narcotics activity; Appellant's incomplete exchange and Officer Walsh's seizure of heroin confirmed Appellant's attempt to supply purchaser with narcotics in exchange for money; Appellant's flight demonstrated his consciousness of guilt; Appellant's statements to Officer Walsh when officers encountered attempted drug sale corroborate Officer Walsh's observations; Officer Walsh testified credibly at trial, Appellant testified incredibly; therefore, evidence at trial was sufficient to prove Appellant possessed controlled substance with intent to deliver). The record supports the trial court's rationale. Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/24/2017

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION – CRIMINAL

COMMONWEALTH OF PENNSYLVANIA  :  CP-51-CR-0008521-2015

v.  :  1663 EDA 2016  **FILED**

JUAIL THOMAS  :

SEP 2 0 2016

OPINION

Appeals/Post Trial
Office of Judicial Records

Following a bench trial, Defendant Juail Thomas was convicted of possession with intent

to deliver a controlled substance and the knowing and intentional possession of a controlled

substance.  Defendant filed a timely appeal in which he argues that the evidence was insufficient

to support the verdict of possession of a controlled substance with the intent to deliver

("PWID").  For the reasons stated below, the Superior Court should affirm the judgment of

CP-51-CR-0008521-2015 Comm. v. Thomas, Juail
Opinion

sentence.

FACTUAL BACKGROUND

7501072091

On April 3, 2015, at approximately 6:30pm, Police Officer Mike Walsh and his partner,

Officer Vandermay,[1] were in plain clothes in an unmarked patrol vehicle in the area of the 300

block of East Somerset Street, Philadelphia.  While traveling westbound Officer Walsh was

positioned in the passenger seat when he observed Defendant with a white male, later identified

as Brian Dougherty, standing on the north side of the street.  Officer Walsh's surveillance

position was approximately a few car lengths away from Defendant during his observation.

While in this position, he observed Defendant holding a blue object in his hand and saw

Dougherty provide him with United States currency.  During their exchange, Defendant looked

in the direction of the approaching officers and began to backpedal.  While backpedaling from

---

[1] The first name of this individual does not appear in the certified record on appeal.

the approaching officers, still only a "few car lengths away" from him, Officer Walsh heard Defendant shout out, "Fuck. You got me" and, "You caught me." Officer Vandermay stopped the vehicle, and as soon as he began to exit it, Defendant turned and began to run westbound on Somerset Street with Dougherty. N.T. 05/03/2016 at 12-13, 17-18, 22-23.

Officer Vandermay returned to the vehicle and proceeded to drive with Officer Walsh until they stopped approximately two car lengths ahead of Defendant who was now on the sidewalk. Again, Defendant called out, "I can't believe you got me," and "I got to do what I got to do." He then threw the blue object onto the ground and fled in between two parked cars eastbound on Somerset Street. Officer Vandermay pursued Defendant while Officer Walsh stayed with the discarded blue object. Officer Vandermay ultimately lost sight of Defendant, and he was not arrested on this day. *Id.* at 13-14, 16, 19, 25.

Officer Walsh never lost sight of the blue object and immediately recovered the item from where it landed on the ground. Upon his recovery, it was revealed that the object was one bundle comprised of fourteen (14) clear Ziplock packets, each with a blue glassine insert stamped "Avion," containing an off white powdery substance that tested positive for heroin. In the time that elapsed between the officers' direct confrontation of Defendant at the two parked cars and the recovery of the items by the officers, no one other than Defendant held the object or picked it up from the ground. *Id.* at 13-14, 19, 25-26; *see generally* N.T. 05/03/2016.

Officer Walsh stopped Brian Dougherty, the individual who was initially standing with Defendant, for investigation. The officer neither recovered anything from him nor arrested him. Dougherty was released, and the officers went to headquarters. At headquarters, Officer Walsh identified Defendant from a photograph. An arrest warrant for Defendant was issued based upon

- 2 -

the officers' observations and Officer Walsh's identification. Defendant was arrested the following week. N.T. 05/03/2016 at 14, 17, 25.

At trial, defense counsel presented the testimony of Defendant, whose testimony sought to indicate why he fled the scene. Defendant explained that the day and location on which Officer Walsh observed this incident, around fifteen to twenty people were on East Somerset Street. Defendant admitted that he too was present on an intersection of the same street, standing next to and talking with approximately six individuals. He denied engaging in any criminal activity and reiterated that he, in fact, possessed no drugs. Defendant admitted having prior drug convictions, and according to him, somebody else who was in his presence was ready to make a drug sale when the police arrived. Upon seeing police, like everyone else around him, he ran. *Id.* at 27-31.

Officer Walsh's trial testimony credibly disputed that he misidentified Defendant as the individual who attempted to distribute drugs. Although other people were out on the corner of the same street on which Defendant and Dougherty were standing, Officer Walsh testified that Defendant and Dougherty separated themselves from such individuals and stood just inside the curb line. Further, Officer Walsh testified that he knew Defendant. Officer Walsh explained that he and Defendant have interacted with each other on numerous occasions over approximately the last ten to twelve years in this same area, an area Officer Walsh knew Defendant to have previously resided. Some of their past interactions involved amicably talking and waving to one another in passing, while other interactions were investigatory in nature and related to Defendant's involvement in criminal conduct. Officer Walsh also testified that in the past decade, he made over 100 arrests around the 300 block of East Somerset Street, an area known for its high narcotics sales activity as Defendant affirmed. *Id.* at 13, 20-22, 28.

- 3 -

DISCUSSION

    1.    There is Sufficient Evidence to Support The Conviction of
           Possession of a Controlled Substance With The Intent to Deliver

On appeal, Defendant asserts that the evidence was insufficient to support his PWID

conviction because the evidence failed to prove that Defendant either possessed the controlled

substance or possessed it with the intent to deliver.

In reviewing the sufficiency of the evidence, an appellate court must determine whether

the evidence at trial was sufficient to establish all elements of the crime beyond a reasonable

doubt. *Commonwealth v. Burton*, A.3d 598, 601 (Pa. Super. Ct. 2010) (citing *Commonwealth v.*

*Galvin*, 985 A.2d 783, 789 (Pa. 2009)). In doing so, the appellate court views all of the evidence

and reasonable inferences therefrom in a light most favorable to the Commonwealth as verdict

winner. *Id.* A conviction may be sustained wholly on circumstantial evidence, and the trier of

fact – while passing on the credibility of the witnesses and the weight of the evidence – is free to

believe all, part or none of the evidence. *Id.*

To support Defendant's conviction for PWID, the Commonwealth must have proven that

he possessed a controlled substance with the intent to distribute the controlled substance.

*Commonwealth v. Bricker*, 882 A.2d 1008, 1015 (Pa. Super. Ct. 2005). Possession with intent to

deliver can be inferred from the quantity of the drugs possessed, the manner in which they are

individually packaged, the behavior of the defendant, and other surrounding circumstances, such

as a lack of drug user paraphernalia and the reputation of the area for narcotic sales activity.

*Commonwealth v. Ratsamy*, 934 A.2d 1233, 1239 (Pa. 2007); *In the Interest of Evans*, 717 A.2d

542, 546 (Pa. Super. Ct. 1998). No completed exchange or sale is required to establish a

- 4 -

violation of the Act[2] because "[t]he offensive conduct is simply the 'actual, constructive or attempted transfer from one person to another' of the prohibited substance." *See Commonwealth v. Metzger*, 372 A.2d 20, 22 (Pa. Super. Ct. 1977).

In the case at bar, there is sufficient evidence to establish beyond a reasonable doubt that Defendant possessed the controlled substance, heroin. Officer Walsh observed a blue object in Defendant's hand during what he believed to be an aborted exchange with Dougherty. Instantly afterward, he pursued Defendant during which he directly confronted Defendant and witnessed him throw this same blue object to the ground as he fled. Officer Walsh immediately recovered the object from the ground exactly where he watched it land and discovered that the blue object was a bundle containing fourteen individual packets of heroin. Therefore, the packets of heroin that Officer Walsh witnessed Defendant discard and the absence of any other individual who could have possessed the heroin in the brief time that elapsed until police recovered the narcotics led the fact-finder to conclude beyond a reasonable doubt that Defendant possessed the packets of heroin.

In addition, sufficient evidence supports the fact-finder's belief to establish beyond a reasonable doubt that Defendant had the requisite intent to deliver heroin. Officer Walsh observed Defendant receive money from Dougherty in a hand-to-hand transaction while Defendant held a blue object in his hand. Midway through their exchange, Defendant realized the approaching officers, and Defendant and the alleged buyer fled in the same direction. The object that Officer Walsh saw Defendant throw and that he recovered was consistent in color to the blue object he observed Defendant holding during his exchange with Dougherty. The

---

[2] The Drug, Device and Cosmetic Act defines "Delivery," as it relates to establish a violation of the Act as, ". . . the actual, constructive or *attempted transfer* from one person to another of a controlled substance. . . ." 35 P.S. § 780-102 (emphasis added).

officer's immediate pursuit of Defendant and the absence of anyone else who possessed the blue object containing heroin shows that Defendant attempted to transfer the heroin to Dougherty and that the approach of the officers interrupted it. Lastly, the transaction occurred in an area Officer Walsh testified was known for its high volume of narcotics activity, a fact which Defendant also conceded.

Although no drugs were recovered from Dougherty nor was Defendant searched at the scene, their incomplete exchange and the officer's seizure of the heroin confirms Defendant's deliberate attempt to supply Dougherty with the narcotics he possessed in his hand in return for the money he received regardless of his actual transfer of the drug to Dougherty. Moreover, the trial court did not automatically credit Officer Walsh's testimony based upon his status as a police officer, but chose to credit his testimony over Defendant's incredible testimony based upon and in light of the totality of circumstances. *See Commonwealth v. Harrison*, 323 A.2d 72 (Pa. Super. Ct. 1974) (holding that to presume that any police officer called by the Commonwealth is truthful constitutes "such a display of partiality as to constitute basic and fundamental error").

Defendant's flight demonstrates his consciousness of guilt because he thoughtfully elected to separate himself from the illicit narcotics. Defendant's interest in the outcome of the verdict further undermines his testimony that was self-serving in nature, especially in light of Defendant's inculpatory statements—"Fuck. You got me," and, "You caught me"—that corroborate Officer Walsh's observations of Defendant's transactions. *See Commonwealth v. Carter*, 546 A.2d 1173, 1182 (Pa. Super. Ct. 1988) ("[T]he finder of fact is free to believe all, part, or none of the evidence.... [I]n assessing the credibility of defendant's testimony, the

- 6 -

factfinder is free to consider that defendant had a vital interest in the outcome of the trial.")
(internal citation omitted).

Accordingly, based on the testimony of Officer Walsh, the packaging of the drugs, and the surrounding circumstances there is sufficient evidence to prove beyond a reasonable doubt that Defendant possessed a controlled substance and that he possessed it with the intent to deliver.

CONCLUSION

Based on the forgoing, the judgment of sentence should be affirmed.

BY THE COURT:

KAI N. SCOTT, JUDGE
Dated: September 20, 2016